UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CHAVES,<br><br>    Plaintiff,<br><br>v.<br><br>HEATHER SHIRLEY, J. CRONJAGER, and SCOTT DEGOUGH,<br><br>    Defendants. | Case No. 1:23-cv-00514-HBK (PC)<br><br>SCREENING ORDER FINDING COMPLAINT FAILS TO ESTABLISH PROPER VENUE AND FAILS TO STATE A CLAIM AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT, STAND ON COMPLAINT, OR FILE VOLUNTARY DISMISSAL[1]<br><br>(Doc. No. 6)<br><br>AUGUST 18, 2023 DEADLINE<br><br>ORDER RECALLING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 4) |

Pending before the Court for screening under 28 U.S.C. § 1915A is the belated[2] pro se civil rights First Amended Complaint filed under 42 U.S.C. § 1983 by Danny Chaves—a prisoner. (Doc. No. 6, "FAC"). The Court this same day, granted Plaintiff in forma pauperis status in this action. (Doc. No. 12). Upon review, the Court finds the FAC fails to establish that

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] On June 5, 2023, the undersigned issued Findings and Recommendations (F&R) after Plaintiff failed to timely file a FAC. (Doc. No. 4). Although Plaintiff did not accompany his belated FAC with a motion to accept the untimely filing by showing excusable neglect, the Court nonetheless will screen the FAC and recall its June 5, 2023 F&R. (Doc. No. 4).

1  venue is proper in the Eastern District of California and fails to state a claim.  The Court affords
2  Plaintiff the option to file a second amended complaint or voluntarily dismiss his FAC before
3  recommending the district court dismiss this action.

## SCREENING REQUIREMENT

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant.  28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court's review is limited to the complaint, exhibits attached, and materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

*Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a pro se litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.  Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

## SUMMARY OF THE COMPLAINT

The events giving rise to the FAC occurred at an unspecified facility.  (Doc. No. 6).  The FAC consists of a single paragraph, which the Court quotes in full below:

> I got sick and started having health issues after drinking the water at this institution. [S]tomach problem started here and became worse. This institution water is toxic and or contaminated. I have gotten and became ill over it [sic] all documented in my medical records.

(*Id*. at 1).

Under the section of the FAC titled "Relief" it states: "This contamination and toxic water affected over thousands of inmates and resulted in illnesses such as cancer and birth defects.  This lawsuit wants to hold the state/CDCR accountable for not doing enough and compensate those who have been hurt."  (*Id*. at 2).

////

////

**APPLICABLE LAW AND ANALYSIS**

The Complaint fails to allege facts that indicate the Eastern District of California is the proper venue for Plaintiff's claims. Courts may *sua sponte* raise the issue of defective venue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action may be brought in . . . a judicial district in which any defendant resides . . . [or where] a substantial part of the events giving rise to the claim occurred." 28 U.S.C. § 1391(b). The Complaint fails to establish venue because it does not allege where the alleged misconduct occurred or that the Eastern District of California is the judicial district where any of the named Defendants reside. If Plaintiff chooses to file a second amended complaint he needs to allege facts that establish where the alleged misconduct occurred.

Further, Plaintiff must provide sufficient factual detail regarding his claims to allow the court to reasonably infer that each named Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The FAC consists entirely of conclusory statements and is devoid of facts stating what each Defendant did to violate Plaintiff's constitutional rights. Finally, the FAC refers to the alleged harm suffered by "thousands of inmates." Plaintiff only has standing to bring claims for which he has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. See *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

**OPTIONS**

In order to continue the prosecution of this action, Plaintiff must take one of the following three options within twenty-one days from the date of this Order. **First Option**: Because the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses. An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff should use the Court's approved Prisoner Civil Rights Complaint Form to file his amended complaint and he must title it

1  "Second Amended Complaint." For each cause of action and each defendant, Plaintiff must
2  allege facts sufficient to show that the defendant violated his civil rights.  Plaintiff may not amend
3  the complaint to add unrelated claims.  **Second Option**: Plaintiff may file a Notice stating he
4  intends to stand on his current complaint subject to the undersigned recommending the district
5  court dismiss for the reasons stated in this Order.  If the Court dismisses this case finding that the
6  complaint fails to state claim, the dismissal will count as a strike under the PLRA.[3]  **Third**
7  **Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntary
8  Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1) which would
9  preclude this action as counting a strike under the PLRA.
10        Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e*. fails to perform
11  any of the three options, the undersigned will instead recommend that the district court dismiss
12  this case as a sanction for Plaintiff's failure to comply with a court order and for failing to
13  prosecute this action after its determination that the complaint failed to state a claim, which will
14  count as strike under the PLRA.  *See* Local Rule 110; Fed. R. Civ. P. 41(b).
15        Accordingly, it is **ORDERED:**
16        1.    **No later than August 18, 2023**, Plaintiff shall elect one of the following options
17  by delivering to correctional officials for mailing: (a) a Second Amended Complaint; (b) a Notice
18  stating he intends to stand on his current First Amended Complain subject to the undersigned
19  recommending the district court dismiss for the reasons stated in this Order; (c) a Notice to
20  voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41.
21        2.    If Plaintiff fails to timely comply with this Court Order or seek an extension of
22  time to comply, the Court will recommend the district court dismiss this action for Plaintiff's
23  failure to comply with this Court Order and prosecute this action.
24        3.    The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's

---

[3] Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).  Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim counts as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

1  use as appropriate.

2        4.      The Court recalls its June 5, 2023 Findings and Recommendations (Doc. No. 4).

4  Dated:   July 18, 2023

                                              HELENA M. BARCH-KUCHTA
                                              UNITED STATES MAGISTRATE JUDGE